**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-02227-MSK**

**PAUL MUTSCHLER,**

    Plaintiff,

v.

**RAND KREICH,**

    Defendant.

_____

**ORDER REMANDING ACTION**
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    The Plaintiff commenced this action on or about July 15, 2013 in the Colorado District Court for Douglas County.  The Complaint **(# 3)** asserts that in 2010, the parties jointly formed a company called Serial Cables, LLC, with each party holding a 50% ownership.  In 2011, the parties entered into an oral agreement by which the Defendant promised to transfer his 50% stake in the company to the Plaintiff; in exchange, the Plaintiff promised to forgive a $ 25,000 debt owed to him by the Defendant.  Subsequently, the Defendant denied ever agreeing to surrender his stake in the company.

    The Plaintiff's Complaint in this action asserts a single claim for relief, seeking a declaratory judgment that the parties entered into an enforceable contract, that the Plaintiff performed, and that the Defendant has acknowledged the transfer of his stake in the company.

    On August 19, 2013, the Defendant removed **(# 1)** the action to this Court, citing the existence of federal subject matter jurisdiction founded on diversity of citizenship under 28

U.S.C. § 1332.  (The Plaintiff is a citizen of Colorado; the Defendant a citizen of California.)  Because the Defendant is the party asserting the presence of subject matter jurisdiction, he has the burden of showing that federal subject matter jurisdiction exists – that is, that the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332(a); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  To establish the amount in controversy, the Defendant's Notice of Removal states: (i) the Plaintiff indicated on the Civil Cover Sheet in state court that the amount in controversy exceeds $ 100,000; and (ii) that "upon information and belief," the value of the Defendant's 50% interest in the company exceeds $ 75,000, because "the corporation generates nearly $ 1 million in annual revenue."

Neither assertion of the amount in controversy is sufficient.  With regard to the amount claimed on the Civil Cover Sheet, this Court has repeatedly held that such allegations are insufficient, of themselves, to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).  *See e.g.  Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007).

In cases where only a declaratory judgment is sought, the amount in controversy is measured by the value of the object of the litigation.  *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).  Here, the Defendant makes a conclusory assertion that the value of his 50% share in the company exceeds $ 75,000, but in support of that contention, offers only the fact that the company has annual revenues in excess of $ 1 million.  However, the mere fact that the company produces a certain amount of annual revenues is insufficient to establish the value of an ownership stake in the company.  An annual revenue figure reflects nothing more than a quantification of the amount of cash flowing into  a business; it does not serve as a proxy for the business' annual profits, much less provide a means by which one could assess the value of an ownership share of the business.  Accordingly, because the Defendant has not articulated

facts sufficient to show that the value of a 50% share of the company exceeds $ 75,000,the Defendant has failed to carry his burden to establish federal subject matter jurisdiction.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1447(c).  The Court **REMANDS** this case to the Colorado District Court for Douglas County.  The Clerk of this Court shall transmit the entire case file to the Clerk of the Colorado District Court for Douglas County and thereafter close this case.

Dated this 9th day of October, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge